UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

Plaintiff, Case No. 3:25-cr-73

vs.

TYLER SHAW, District Judge Michael J. Newman

Defendant.

---

**ORDER OVERRULING WITHOUT PREJUDICE DEFENDANT'S OBJECTION TO THE PRE-SENTENCE INVESTIGATION REPORT**

---

Previously in this felony case, Defendant Tyler Shaw and the Government entered into a plea agreement, pursuant to Fed. R. Civ. P. 11(c)(1)(C), under which Defendant pled guilty to two counts of coercion and enticement in violation of 18 U.S.C. § 2422(b), and one count of possession of child pornography involving a prepubescent minor in violation of 18 U.S.C. §§ 2252(a)(4)(B) and (b)(2). Doc. No. 22. The case was then referred to the Probation Department for a Pre-Sentence Investigation Report ("PSR"). The case is now before the Court for resolution of Defendant's single objection to the PSR. Doc. No. 31 at PageID 264. The Government filed a response to Defendant's objection. Doc. No. 32. The parties do not request an evidentiary hearing or oral argument.

Defendant objects to the five-level enhancement under § 4B1.5(b) of the United States Sentencing Guidelines (the "Guidelines"). Doc. No. 31 at PageID 264. He contends that the enhancement should not apply to him because § 4B1.5(b), which concerns offenders with no prior qualifying sex offense, appears to yield a higher guideline sentence than § 4B1.5(a), which concerns offenders with a prior qualifying sex offense. *Id*. The Government contends the PSR

and the enhancement correctly account for the severity of Defendant's crimes and prior offenses and that the Guidelines should be applied as written. Doc. No. 32. The Court agrees.

## I. Applicable Legal Standard

This Court "must—for any disputed portion of the [PSR] or other controverted matter—rule on the dispute or determine that a ruling is unnecessary either because the matter will not affect sentencing, or because the court will not consider the matter in sentencing[.]" Fed. R. Crim. P. 32(i)(3)(B) (brackets added). "As a threshold matter, the defendant must actively raise the dispute during the sentencing hearing before the district court's duty to find facts arises." *United States v. White*, 492 F.3d 380, 415 (6th Cir. 2007). Once a defendant meets this threshold, "the 'court may not merely summarily adopt the factual findings in the presentence report or simply declare that the facts are supported by a preponderance of the evidence.'" *Id*. (quoting *United States v. Solorio*, 337 F.3d 580, 598 (6th Cir. 2003)). Literal compliance with this Rule is required "'for a variety of reasons, such as enhancing the accuracy of the sentence and the clarity of the record.'" *Id*. (quoting *United States v. Treadway,* 328 F.3d 878, 886 (6th Cir. 2003)).

"Generally, factual findings relevant to sentencing must be supported only by a preponderance of the evidence." *United States v. Hurst*, 228 F.3d 751, 761 (6th Cir. 2000) (citing *United States v. Zajac,* 62 F.3d 145, 148 (6th Cir. 1995)); *see United States v. McReynolds*, 964 F.3d 555, 565 (6th Cir. 2020) ("all facts used against a defendant at sentencing must be supported by a preponderance of the evidence[.]"); *see also United States v. Gates*, 461 F.3d 703, 708 (6th Cir. 2006) ("judicial fact-finding for sentencing purposes must continue as it was conducted prior to *Booker,* under a preponderance of the evidence standard." (citing *United States v. Coffee,* 434 F.3d 887, 897-98 (6th Cir. 2006))).

## II. The PSR

In the parties' plea agreement, Defendant and the Government agreed to a term of imprisonment of no less than 180 months and no more than 360 months. Doc. No. 22 at PageID 140–41. The parties do not dispute that a statutory ten-year mandatory minimum term of imprisonment applies to each of Defendant's current offenses. Doc. No. 31.

Applying the 2025 edition of the Guidelines, the PSR places Defendant's Total Offense Level at 42. *Id*. at PageID 241. The Total Offense level includes certain enhancements given the specific nature of the instant offense, as well as a five-point enhancement pursuant to § 4B1.5(b) of the Guidelines, which is applicable to repeat and dangerous sex offenders against minors. *Id*.

The PSR concluded that Defendant has a total criminal history score of 3, resulting in a criminal history category of II. Doc. No. 31 at PageID 243–44. Defendant was previously convicted in state court of illegal use of a minor or impaired person in a nudity-oriented material or performance, for which he was sentenced to probation. *Id*. at PageID 243. He was subject to that active term of probation at the time he committed the instant offense. *Id*. Together with his offense level of 42, his recommended Guidelines sentence is 360 months to life. *Id*. at PageID 256. The probation officer recommends a 360-month term of imprisonment pursuant to the parties' Rule 11(c)(1)(C) plea agreement. *Id*.

## III. Analysis

Defendant contends the five-level enhancement pursuant to § 4B1.5(b) of the Guidelines is inapplicable because "in the present case, U.S.S.G. § 4B1.5(b) appears to yield a higher guideline sentence than U.S.S.G. §4B1.5(a)." Doc. No. 31 at PageID 264. Defendant further argues that such a result "may" be unintended under the Guidelines. *Id*. Notably, Defendant does not dispute any of the underlying factual circumstances which gave rise to the PSR's

conclusion/Guidelines calculation. *See id*.

Under § 4B1.5(b) of the Guidelines, a five-level increase to the offense level applies "[i]n any case in which the defendant's instant offense of conviction is a covered sex crime, neither §4B1.1 nor subsection (a) of this guideline applies, and the defendant engaged in a pattern of activity involving prohibited sexual conduct[.]" Defendant does not dispute that the instant offense is a covered sex crime; that neither § 4B1.1 nor § 4B1.5(a) of the Guidelines apply; or that he engaged in a pattern of activity involving prohibited sexual conduct. Doc. No. 31 at PageID 264; *see United States v. Sibley*, 681 F. App'x 457, 461–62 (6th Cir. 2017).

Although, under the unique circumstances of this case, § 4B1.5(b) may yield a higher sentence than § 4B1.5(a), such a result is appropriate. As the Sixth Circuit had made clear, courts must "apply the Guidelines as written." *United States v. Hensley*, 110 F.4th 900, 907 (6th Cir. 2024). Moreover, Defendant has not met his burden to identify any factual inaccuracy underlying the PSR's conclusion that the five-point enhancement under § 4B1.5(b) applies. *See United States v. Hurst*, 228 F.3d 751, 760 (6th Cir. 2000) ("[W]here defendant did not even assert that the objected-to recommendations were based on false or unreliable information, and did not expressly call them to the court's attention…it can hardly be said that these matters were sufficiently 'controverted' to trigger the sentencing court's fact-finding duty under Rule 32(c)(1)").

## IV. Conclusion

Defendant's objection to the PSR is **OVERRULED WITHOUT PREJUDICE**. He may raise his concerns anew, in the context of 18 U.S.C. § 3553(a), during his sentencing hearing.

**IT IS SO ORDERED.**

October 21, 2026

s/*Michael J. Newman*
Hon. Michael J. Newman
United States District Judge